IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>REDONDO CONSTRUCTION CORP.<br>Debtor<br>_____<br>REDONDO CONSTRUCTION CORP.<br>Plaintiff<br>vs<br>PUERTO RICO HIGHWAY AUTHORITY<br>Defendant | CIVIL 09-2299CCC |

**ORDER ADOPTING THE BANKRUPTCY JUDGE'S
AUGUST 31, 2009 PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

On August 31, 2009, the U.S. Bankruptcy Court for the District of Puerto Rico, through Chief, U.S. Bankruptcy Judge Gerardo Carlo, issued a Decision and Order on the complaint filed by Redondo Construction Corp. (Redondo) against P.R. Highway and Transportation Authority (PRHTA) seeking additional compensation including interest for unpaid claims and damages allegedly resulting from work performed by Redondo under several contracts (Bankruptcy Court docket entry 373). Extensive hearings were held in the months of November/December 2006, March/June 2007, and November 2008. The Bankruptcy Court had previously concluded that the adversary proceeding was a non-core proceeding. Upon conclusion of the hearings, both parties filed proposed findings of fact. On September 3, 2009, Judge Carlo, at Redondo's request, amended the Decision and Order filed on August 31, 2009 (Bankruptcy Court docket entry 376). The Bankruptcy Court ordered that PRHTA compensate Redondo for the total amount of $4,506,828.29 plus legal interest at 6% from August 10, 2001 for the Las Cumbres project; for the total amount of $1,258,475.13 plus legal interest at 6% from August 10, 2001 for the Río Grande de Loíza Bridge project; for the total amount of $655,550.19 plus legal interest at 6% from July 18, 1999; plus

CIVIL 09-2299CCC                                           2

$217,079.49 for the Kennedy Avenue project; for the total amount of $2,177,799.94; plus legal interest at 6% from August 10, 2001, plus $46,650.60 for the project Ponce-Adjuntas-PR-19, and, for the amount of $1,644,875.03,[1] plus legal interest at 6% from December 3, 2000 for the Project The Third Millennium Park.

On September 30, 2009, PRHTA filed Objections to the Bankruptcy Court's Decision and Order issued on August 31, 2009 pursuant to Bankruptcy Rule 9033b (Bankruptcy Court docket entry 386), in which movant complained that the Bankruptcy Court did not take into consideration the final amended report dated May 2008 made by engineer Sidney Scott, which it asserts is substantially different from its earlier report of April 2006.  It stated that the reasons for most of the mistakes allegedly made by the Bankruptcy Court was mainly due "because it keeps making reference to a different Expert Report, which was amended on May 2008 and, further explains the claims alleged in the complaint and illustrates better the grounds to deny most of RCC's claims." Objections, at p. 6.  The November 5, 2008 hearing transcript, date on which Sidney Scott commenced testifying as an expert witness for the PRHTA, reflects that his supplemental May 2008 Report was admitted by the Court, without objection, as Exhibit E for the Authority.  Mr. Scott made reference to this supplemental report throughout his testimony.  At the conclusion of his testimony, which lasted from November 5 to November 7, 2008 inclusive (Bankruptcy Court docket entries 348, 349 and 351), the Court referred to his two Reports as Scott I and Scott II.  Judge Carlo's August 31, 2009 decision makes specific reference to Exhibit E, Scott's supplement expert report, at page 50.  During his testimony, engineer Scott referred to information and gave explanations regarding differences between the contents of his original and final reports. There is no indication during his entire testimony that engineer Scott was curtailed in any manner in utilizing his final supplemental report dated May 2008.  Judge Carlo's decision

---

[1] See Order amending Decision and Order and Judgment filed on September 3, 2009 by U.S. Bankruptcy Judge Lamoutte (Bankruptcy Court docket entry 376).

CIVIL 09-2299CCC                                    3

takes into account his live testimony as an expert. The fact remains that he prepared two reports, which were both submitted to the Court, and there is nothing on the record that would support the argument that Judge Carlo disregarded the final one to the prejudice of PRHTA.

The Bankruptcy Court having referred the Decision and Order entered by Judge Carlo on August 31, 2009 to the District Court as proposed findings of fact and conclusions of law and for entry of a final judgment, and PRHTA having raised on September 30, 2009 written objections to Judge Carlo's Decision and Order issued on August 31, 2009, the Court has conducted a *de novo* review upon the record of the Bankruptcy Judge's proposed findings of fact and conclusions of law which included a review of the transcripts of the evidentiary hearings before Judge Carlo and gave due deference to the Bankruptcy Judge's credibility assessments. Having done so, it now OVERRULES the objections to the Bankruptcy Judge's proposed findings of fact and conclusions of law and hereby ACCEPTS and ADOPTS the same. Judgment will be entered in accordance therewith.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2011.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge